321 So.2d 523 (1975)
STATE of Louisiana
v.
Joseph PIERCE.
No. 56516.
Supreme Court of Louisiana.
November 4, 1975.
*524 Charles W. Seaman, Kelly, Seaman & Ware, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Appellant Joseph Pierce was charged with armed robbery. La.R.S. 14:64. He pled guilty on February 12, 1975 and was sentenced to serve 25 years at hard labor without benefit of parole, probation or suspension of sentence.
On this appeal counsel contends that the sentence imposed, as it relates to this defendant, is cruel and unusual punishment as prohibited by Section 20 of Article I of the Louisiana Constitution of 1974. The Constitution provides that, "No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment."
To support his contention appellant argues in brief that his wife and children depend upon him for support and will become public charges during his incarceration. In these circumstances the lengthy sentence without benefit of parole, probation or suspension of sentence is cruel and unusual punishment, he says.
This contention has been decided adversely to appellant in a number of cases in this Court. In State v. Howard, 262 La. 270, 263 So.2d 32 (1972), the defendant was sentenced to 99 years at hard labor for armed robbery without benefit of parole, probation or suspension of sentence. In rejecting the contention that the sentence was cruel and unusual we said:
"There is no constitutional infirmity in such penalty provision for the crime of armed robbery. Imprisonment itself is clearly not `cruel and unusual punishment,' reprobated by constitutional provisions. . . Mere length of sentence is not cruel and unusual punishment; most criminal systems provide for life terms."
The holding in State v. Howard has been approved in State v. Martin, 304 So. 2d 328 (La.1974); State v. Bradford, 298 So.2d 781 (La.1974) and State v. Witherspoon, 292 So.2d 499 (La.1974).
There is no merit to appellant's contention under these repeated decisions of this Court.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs. In a proper case we might be required to review the sentence for excessiveness under the 1974 constitution. Here, the record is inadequate.