325 So.2d 828 (1976)
STATE of Louisiana
v.
Elbert STEWART.
No. 56932.
Supreme Court of Louisiana.
January 19, 1976.
Quintin T. Hardtner, III, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Elbert Stewart was convicted of armed robbery in violation of La.R.S. 14:64 and was sentenced to seventy-five years at hard labor without benefit of parole, probation or suspension of sentence. He appealed his conviction and sentence, relying on four assignments of error. This case arose from the same incident as State v. Stewart, 325 So.2d 819 (La.1976), decided this date, and the cases were consolidated for the purpose of the hearings on the motion to suppress physical evidence, the motion to suppress written confession or inculpatory statement and the motion to strike the lineup. The first three assignments of error relate to adverse rulings on these three motions. The assignments have been discussed in State v. Stewart, supra, and for the reasons therein stated found to be without merit.
For Assignment of Error No. 4, the defendant argues that La.R.S. 14:64, the Armed Robbery Statute, is unconstitutional in that the sentence provided therein constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 20 of the Louisiana Constitution of 1974.[1] The armed *829 robbery statute provides for a penalty of imprisonment at hard labor for not less than five years and not more than 99 years, without benefit of parole, probation or suspension of sentence.
Defendant did not object to the sentence at the time it was imposed. Indeed, objection was not made until after the return date had been set for appeal, and then only by designation as a supplemental assignment of error. Article 841 of the Code of Criminal Procedure states that an error or irregularity in the proceeding cannot be availed of after verdict unless it was objected to at the time of occurrence, and Article 844 of the Code of Criminal Procedure provides that assignments of error shall be filed within the time specified by the trial judge. However, the unconstitutionality of a statute on which a conviction is based is an error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence, which this Court is entitled to review, even though the defendant has not complied with the assignment of error procedure including the need to lodge timely objection. La.Code of Criminal Procedure art. 920, Official Revision Comment (d) (1966), as amended La.Acts 1974, No. 207, § 1. See State v. Dillard, 320 So.2d 116, fn. 4 (La.1975) (decided October 1, 1975); State v. Williams, 322 So.2d 177 fn. 2 (La.1975) (decided October 1, 1975). We therefore review the alleged error.
Louisiana jurisprudence interpreting the 1921 Constitution1 has consistently held that the armed robbery statute is not violative of the constitutional prohibition against cruel and unusual punishment. State v. Pierce, 321 So.2d 523 (La.1975) (decided November 4, 1975); State v. Bradford, 298 So.2d 781 (La.1974); State v. Howard, 262 La. 270, 263 So.2d 32 (1972).
This assignment of error lacks merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.
NOTES
[1] Actually the applicable provision is Article I, Section 12 of the Louisiana Constitution (1921), which was in effect at the time this offense was committed.