443 So.2d 753 (1983)
STATE of Louisiana
v.
Rickey McKEEL.
No. KA-0547.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1983.
Writ Granted February 10, 1984.
*754 Dwight Doskey, New Orleans, for defendant-appellant, Rickey McKeel.
Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., William R. Campbell, Asst. Dist. Atty., New Orleans, for plaintiff-appellee, State.
Before WARD, SCHOTT and CIACCIO, JJ.
WARD, Judge.
In February, 1981, McKeel pleaded guilty to a charge of arson arising from a fire at The Frame Shop, located at 1014 Bourbon Street in New Orleans. He was placed on probation for this offense. Subsequently, the owner of The Frame Shop reported to the police that someone was making threats of arson to one of the carpenters working on the reconstruction of The Frame Shop. When shown a photographic line-up, the carpenter, Robert Jackson, identified McKeel as the one who had made the threats. McKeel was then arrested and charged with two violations of La.R.S. 14:54.1 by a Bill of Information which alleged that McKeel "communicat[ed] a threat of arson on or about February 14, 1981 ... and on March 24, 1981 concerning the structure at 1041 Bourbon St."
A jury found McKeel guilty as charged, and the Trial Judge sentenced him to the maximum term of twenty years at hard labor on each count and ordered the sentences to run consecutively. On appeal, McKeel argues that the Trial Court erred in refusing to quash the Bill of Information because the allegations against him do not constitute proscribed conduct under La. R.S. 14:54.1. The Trial Judge denied the motion to quash because he interpreted the statute as proscribing the conduct alleged in the Bill of Information. We reverse that ruling for the following reasons.
Louisiana Revised Statute 14:54.1 is entitled "Communicating of False Information of Planned Arson" and provides:
Communicating of false information of arson or attempted arson is the intentional impartation or conveyance, or causing the impartation or conveyance by the use of the mail, telephone, telegraph, word of mouth or other means of communication, of any threat or false information knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to commit either aggravated or simple arson.
*755 The Trial Court interpreted the statute to encompass two separate acts: 1) the conveyance of threats concerning arson and 2) the conveyance of false information concerning arson, if the perpetrator knows the information is false. McKeel argues, however, that the two separate acts proscribed by the statute are: 1) the conveyance of threats concerning arson, knowing those threats to be false and 2) the conveyance of false information concerning arson, knowing the information to be false. Thus, the Trial Judge believed the phrase "knowing the same to be false" modifies only "false information", and McKeel argues that it modifies both "threats" and "false information." We are unable to find that either interpretation of the statute is clearly incorrect.[1]
Article 1, Sec. 13 of the Louisiana Constitution of 1974 provides that an accused in a criminal prosecution must be informed of the nature and cause of the charge against him. A statute is unconstitutionally vague if men of common intelligence must guess as to its meaning. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Cannon, 383 So.2d 389 (La.1980), cert. den., 454 U.S. 1052, 102 S.Ct. 596, 70 L.Ed.2d 587. Due process requires that the language of a statute have a generally accepted meaning sufficient to give adequate warning of the conduct proscribed and it must provide standards to enable judges and juries to fairly administer the law. State v. Prestridge, supra; Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952); State v. Cannon, supra; State v. McCoy, 395 So.2d 319 (La.1980); see also State v. Dousay, 378 So.2d 414 (La.1979).[2]
The language of R.S. 14:54.1 does not appear to have a generally understood meaning sufficient to give adequate warning of the proscribed conduct and men of common intelligence must guess as to its meaning. Because the statute is subject to at least two reasonable but conflicting interpretations, we conclude that it is unconstitutionally vague.[3] See State v. Prestridge, supra.
Even if we were able to ascertain a correct interpretation of R.S. 14:54.1, we would hold that the sentencing provision of the statute is unconstitutional. The maximum penalty for a violation of R.S. 14:54.1 is twenty years. The Eighth Amendment to the United States Constitution prohibits "cruel" or "unusual" punishment. Our own state constitution prohibits not only "cruel" and "unusual" punishment, but it also explicitly prohibits "excessive" punishment, whether imposed by legislature or judge. Article 1, Sec. 20, Louisiana Constitution of 1974; State v. Mallery, 364 So.2d 1283, 1289 (La.1978) (Tate, J., dissenting), cert. den., 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310; State v. Goode, 380 So.2d 1361 (La.1980). A sentence that is grossly *756 out of proportion with the severity of a crime violates both the Federal and Louisiana Constitutions. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); State v. Goode, supra. A comparison of punishments in the same jurisdiction for other offenses is helpful in determining whether a particular sentence is so disproportionate as to constitute "cruel" or "unusual" punishment under the Eighth Amendment to the United States Constitution, or "excessive" punishment under Article I, Sec. 20 of the Louisiana Constitution of 1974. State v. Mallery, supra.
A comparison of the penalties provided for other crimes in Louisiana shows that the twenty year maximum penalty of R.S. 14:54.1 is grossly disproportionate. The maximum sentence for aggravated arson is twenty years at hard labor and a fine of twenty-five thousand dollars. La.R.S. 14:51. The maximum penalty for simple arson where the damage is more than five hundred dollars is fifteen years at hard labor and a fine of fifteen thousand dollars. Where the damage is less than five hundred dollars, the maximum penalty for simple arson is five years and a fine of twenty-five hundred dollars. La.R.S. 14:52. The maximum penalty for arson with intent to defraud is five years at hard labor and a fine of ten thousand dollars. La.R.S. 14:53. The maximum sentence for attempted aggravated arson, simple arson, or arson with intent to defraud is half of the largest fine or half of the longest term of imprisonment prescribed for the offense attempted. R.S. 14:27. Thus, the maximum term of imprisonment for "Communicating False Information of Planned Arson" is the same as the maximum term of imprisonment for actually committing aggravated arson, and it exceeds the maximum sentence for commission of simple arson or arson with intent to defraud. It also exceeds the maximum sentence for an attempt of aggravated arson, simple arson, or arson with intent to defraud. Clearly, the actual commission of arson is more culpable and damaging to society than a threat of arson.
Moreover, R.S. 14:54.1 seems to proscribe conduct that is also proscribed by R.S. 14:40.1 which provides:
Terrorizing is the intentional communication of information, known by the offender to be false, that the commission of a crime of violence is imminent or in progress or that a circumstance dangerous to human life exists or is about to exist; and thereby causing any person to be in sustained fear for his or another person's safety; causing evacuation of a building, a public structure, or a facility of transportation; or causing other serious disruption to the public.
Comparing the two statutes which prohibit the same act, the maximum penalty for a violation of R.S. 14:40.1 is a five hundred dollar fine or six months imprisonment, while the maximum penalty for a violation of R.S. 14:54.1 is twenty years at hard labor. This disparity "is by no means insignificant." Work of the Louisiana Legislature for the 1978 Regular Session, 39 La.L.R. 172, 230 (1978). It reinforces our belief that the penalty clause of R.S. 14:54.1 is unconstitutionally excessive.
The excessiveness of the penalty for "Communicating False Information of Planned Arson" is also graphically illustrated by the facts of the instant case. When McKeel pleaded guilty to simple arson of the Frame Shop, he was placed on probation, although he could have been sentenced to the maximum penalty of fifteen years at hard labor and fined fifteen thousand dollars. When he was later found guilty of threatening to burn the Frame Shop again, he faced and, in fact, received the maximum penalty of twenty years at hard labor.
In order to be constitutional, the maximum penalties must be proportionate to the degree of culpability and damage to society. See Coker v. Georgia, supra, and State v. Goode, supra. The penalty provision of R.S. 14:54.1, however, is not based on a rational gradation of culpability; the maximum sentence is disproportionate to the severity of the crime. Therefore, we hold that the sentencing provision of La. *757 R.S. 14:54.1 is in violation of the Eighth Amendment to the United States Constitution and Art. 1, Sec. 20 of the Louisiana Constitution of 1974.
Because we hold that R.S. 14:54.1 and its sentencing provisions are unconstitutional, the judgment of the Trial Court denying the motion to quash is reversed, and the prosecution under R.S. 14:54.1 is dismissed.
Reversed.
NOTES
[1] The State sought to show that McKeel had made two threats of arson in violation of R.S. 14:54.1. The first threat allegedly occurred when McKeel walked into the Frame Shop and said to the carpenter, "You're doing a nice job, but I am going to burn it again." Whether this statement had to be false to constitute a violation of R.S. 14:54.1 depends on how one interprets the statute. The second statement alleged as a violation occurred a few weeks after the first threat when McKeel drove by the Frame Shop and shouted, "I thought I burned [it] down for good" or "I should have burned [it] down a long time ago." Because this statement was not a threat or conveyance of information of a planned arson, but referred instead to an arson that had previously occurred, it does not constitute proscribed conduct under any interpretation of the statute. See State v. Giovanni, 375 So.2d 1360 (La.1979).
[2] McKeel has not challenged the constitutionality of R.S. 14:54.1 in his assignments of error, however, the unconstitutionality of a statute on which a conviction is based is an error discoverable by inspection of the pleadings and proceedings and without inspection of the evidence. Therefore, this Court may consider the constitutionality of R.S. 14:54.1 ex proprio motu. State v. Wrestle, Inc., 360 So.2d 831 (La.1978); State v. Stewart, 325 So.2d 828 (La.1976).
[3] It may also be argued that the statute is overbroad insofar as it appears to prohibit a person, A, from informing another, B, that C has threatened arson of B's house. The statute does not appear to require any criminal intent on A's part, although, generally, intent is regarded as an indispensable element of a criminal offense. State v. Brown, 389 So.2d 48 (La.1980).