452 So.2d 1171 (1984)
STATE of Louisiana
v.
Rickey L. McKEEL.
No. 84-KA-0301.
Supreme Court of Louisiana.
June 25, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William Campbell, Asst. Dist. Atty., for plaintiff-appellee.
Dwight Doskey, New Orleans, Orleans Indigent Defender Program, for defendantappellant.
BLANCHE, Justice.
By this appeal, we are asked to consider the constitutionality of La.R.S. 14:54.1. Defendant was convicted of two counts of 14:54.1communication of false information of planned arsonand sentenced to two consecutive twenty year terms. These convictions were reversed by the 4th Circuit Court of Appeal, which found the statute to be unconstitutionally vague. From this ruling, the State now appeals.

FACTS
The circumstances surrounding defendant's conviction go back to 1980. In that year, defendant pled guilty to simple arson of the Frame Shop, a commercial structure *1172 located in the French Quarter, and received a three year suspended sentence, five years probation and a $3,000.00 fine. In February, 1981, while on probation from the arson conviction, defendant entered the Frame Shop, which was being repaired at the time, and told a carpenter "You doing a nice job ... But I don't see why you're doing it, because I'm going to burn the ____ ____ again". Tr. p. 32. Later, on March 24, 1981, defendant drove up to the shop in a car and shouted to the same carpenter, "I thought I burned it down for good." Tr. p. 33. This information was then conveyed by the shop owner to the police, who arrested defendant and charged him with two counts of communicating threats of arson in violation of R.S. 14:54.1.
Defendant filed a motion to quash the indictment on the ground that the indictment did not allege conduct proscribed by the statute. Essentially, defendant contended that the statute was designed to include only false threats or false information of arson. The motion to quash was denied and defendant was convicted of both counts, and sentenced to consecutive terms of twenty years.
Defendant appealed, urging that R.S. 14:54.1 was overly vague, in violation of Art. I, § 13 of the Louisiana Constitution. The 4th Circuit reversed, finding that the statute was susceptible of two different, yet equally reasonable interpretations. The Court of Appeal also concluded that the sentencing provision of R.S. 14:54.1 was unconstitutional.

Constitutionality of R.S. 14:54.1
Article I, § 13 of the Louisiana Constitution states that "In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." If a statute is so ambiguous that it does not give adequate warning of the conduct proscribed, the due process notions embodied in § 13 are offended. Traditionally, a statute has been considered unconstitutionally vague if men of common intelligence must guess as to its meaning. State v. Prestridge, 399 So.2d 564 (La. 1981); State v. McCoy, 395 So.2d 319 (La. 1980); State v. Cannon, 383 So.2d 389 (La.1980). Thus, the task of this court is to examine the language of the statute and assess whether two reasonable, different interpretations may be derived by a reading of it.
La.R.S. 14:54.1 is preceded by the title "Communicating of False Information of Planned Arson." The statute itself provides:
Communicating of false information of arson or attempted arson is the intentional impartation or conveyance, or causing the importation or conveyance by the use of the mail, telephone, telegraph, word of mouth or other means of communication, of any threat or false information knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to commit either aggravated or simple arson.
The State argues that the statute is susceptible of only one interpretation; i.e., that the crime described consists of either (1) intentional threats to commit arson, or (2) intentional communication of false information of an attempt to commit arson, knowing the same to be false. Under this interpretation, the State contends that defendant was guilty of the first type of offenseintentional communication of threats to commit arson.
The Court of Appeal, on the other hand, concluded that an equally reasonable interpretation could be reached. By reading the statute so that the phrase "knowing the same to be false" modifies both the nouns "threat" and "false information", the Court found that the proscribed conduct arguably consisted of: (1) intentional communication of threats of arson knowing them to be false, or (2) intentional communication of false information of arson knowing the information to be false. Under this interpretation, defendant's conduct might not have been within the ambit of the statute, since his threat may not have been "false"; i.e., he might actually have intended to carry out his threat.
*1173 We do not agree with the Fourth Circuit's conclusion that R.S. 14:54.1 is susceptible of more than one interpretation. Instead, we conclude that the alternate approach suggested by the Court of Appeal is the correct one.
The gravamen of the offense punishable by R.S. 14:54.1 is the communication of false information of arson. This is evident from the title of the statute as well as the first clause of the text of the statute. Further, the word "threat" is not set off from the term "or false information knowing the same to be false" by a comma; instead the phrase "threat or false information knowing the same to be false" reads as a continuous whole, and implies that both the threat and the false information must be known to be false.
Several factors support this conclusion. The legislative history of the statute shows that R.S. 14:54.1 began in the House of Representatives as HB No. 297. This bill was originally designated as an amendment to Title 14 of the Revised Statutes ... "by adding thereto a new Section to be designated as R.S. 14:54.1, relative to arson and use of explosives, to make it a crime to communicate false information relative to acts of arson to be committed." Journal of the House of Representatives, p. 94 (1970 Regular Session). The word "threat" was only added to the text as a floor amendment on the day of passage of the bill by the House. Journal, House of Representatives, p. 1340 (1970 Regular Session). At the time, a comma separated "threat" from the phrase "or false information," and the bill was virtually identical to an analogous federal statute, 18 U.S.C. § 837(d)[1]. This comma was deleted by Senate Amendment before ultimate passage of the bill into law. Senate Journal, p. 1075 (1970 Regular Session).
The deletion of the comma thus indicates an intent that "threat" not be considered apart from the remainder of the clause; and that in order to be punishable under the statute, a threat must be made with the knowledge that it is false. While we recognize that this interpretation places a high burden on the State to demonstrate the falsity of a threat, that is a matter for legislative rather than judicial cognizance.[2]
Having concluded that R.S. 14:54.1 is constitutional, we must now examine whether the State's evidence was legally sufficient to convict defendant of the offense. The record is devoid of any evidence which would show that defendant's statements were made knowing them to be false. For this reason, we conclude that viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could not have concluded beyond a reasonable doubt that defendant was guilty of the offense charged; "communicating a threat of arson" as defined in the statute. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

DECREE
For the reasons assigned, the Court of Appeal's decision is amended to the extent that it holds R.S. 14:54.1 to be unconstitutional. However, insofar as it reverses defendant's conviction, the Court of Appeal decision is affirmed.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur.
*1174 In upholding the statute it concerned me that we may be affirming a statute which abridges freedom of speech in violation of the First Amendment. However, I ultimately conclude that the making of a false threat or the giving of false information of arson is beyond the protection of the First Amendment. It falls within the principle of the false cry of fire in a crowded theatre, Schenck v. U.S., 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470, or the imparting of false information with respect to the existence of a bomb on a loaded aircraft, United States v. Rutherford, 332 F.2d 444 (2d Cir.1964), cert. den. 377 U.S. 994, 84 S.Ct. 1922, 12 L.Ed.2d 1046 (1964). Such speech is characterized as a verbal act by Mr. Justice Lamar in Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, cited in the Schenck opinion. U.S. v. Rutherford, supra.
NOTES
[1] 18 U.S.C. § 837(d) was repealed in 1970 and reincorporated into 844(e) which now reads:

(e) Whoever, through the use of the mail, telephone, telegraph or other instrument of commerce, willfully makes any threat, or maliciously conveys false information knowing the same to be, concerning an attempt or alleged attempt being made, or to be made, to kill, injury or intimidate any individual or unlawfully to damage or destroy any building, vehicle or other real or personal property by means of fire or an explosive shall be imprisoned for not more than five years or fined not more than $5,000.00 or both.
[2] We note that in 1978, the legislature enacted R.S. 14:40.1, which defines terrorizing and prohibits activity similar that proscribed in R.S. 14:54.1, but contains a maximum penalty of six months. This inconsistency in punishments perhaps warrants a complete re-examination by the legislature as to this area of criminal conduct.