468 So.2d 1191 (1985)
CITY OF LAKE CHARLES
v.
Kathi CHANEY.
No. 85-KA-0227.
Supreme Court of Louisiana.
May 14, 1985.
Rehearing Denied June 6, 1985.
*1192 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Peter A. Ciambotti, City Atty., E.R. Robinson, III, Asst. City Atty., for plaintiff-appellant.
Michael K. Dees, Robert L. Wyatt, Louis Bufkin, McHale, Bufkin & Dees, Louis Guidry, Lake Charles, for defendant-appellee.
DIXON, Chief Justice.
This is an appeal by the City of Lake Charles from a judgment of the City Court of Lake Charles declaring that subsections (C) and (F)(1) of Section 12-60 of the Lake Charles Code of Ordinances are unconstitutional.
Ms. Kathi Chaney, defendant and appellee, is the owner of a truck from which she sells fresh shrimp in the City of Lake Charles. She has been charged by affidavit with the violation of two subsections of the Lake Charles Code of Ordinances. Section 12-60, subsection (C) states that:
"Licenses issued under this section ... shall be valid for two (2) business days out of a period of seven (7) calendar days at the same location. Changes to a new location shall be at least 1000 feet from the prior location...."
Subsection (F)(1) states that:
"In addition to the foregoing requirements all vendors licensed under this section, including their agents and employees, shall: 1. Give to the City of Lake Charles a list of sites from which said vendor intends to sell his products for a thirty (30) day period."
Defendant filed a motion to quash the charges on grounds that the subsections of the ordinance on which they are based are unconstitutional. The prosecution filed a motion to dismiss the motion to quash. A hearing was held on both motions. The motion to dismiss was denied. The motion to quash was granted and the two subsections of Ordinance 12-60 under attack were declared unconstitutional.
A statute which does not interfere with the exercise of fundamental rights or rely on inherently suspect classifications must be rationally related to a legitimate governmental purpose in order to be constitutional. Zobel v. Williams, 457 U.S. 55, 102 S.Ct. 2309, 2313, 2315, 72 L.Ed.2d 672 (1982); City of New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976). The party attacking the constitutionality of a statute has the burden of proving it unconstitutional.
In this case the city showed that there was a problem with itinerant vendors selling from their trucks on city streets. Some such trucks and vendors were from outside the city or state. Owners of businesses *1193 at fixed locations complained that the itinerant vendors did not have to meet the same zoning, building and health code regulations which they did, often at great expense. The city council passed and amended ordinance section 12-60 in response to these problems. The present subsections were amended January 4, 1984.
This defendant is a resident of Lake Charles who has operated her business over a period of years. She had parked her truck at several sites, always with the permission of the adjacent property owners. She herself owned two lots by which she wished to park. However, these lots were less than the required 1000 feet apart.
The City of Lake Charles has legitimate reasons for wishing to regulate itinerant vendors. It is within its legitimate exercise of authority to conduct health inspections in order to protect the health of its citizens. It also has the right to protect property and aesthetic values. City of New Orleans v. Dukes, supra at 304, 96 S.Ct. at 2517.
At issue is whether the two subsections of ordinance 12-60 are reasonably related to the achievement of the city's purposes. Itinerant vendors are required, in subsection (C), to move to a new site every two days. This prevents permanent location at one site. However it does not prevent a group of vendors from rotating sites, so that the individual vendor may move to a different site, while another vendor occupies the original site. This provision of the ordinance does not reasonably achieve the city's purpose.
The specification of a distance of 1000 feet in this subsection has been shown by the legislative history to have been chosen arbitrarily as a compromise between two extremes, and the city has failed to point out any rational basis for the 1000 foot distance.
Subsection (F)(1) requires notification to the city of a vendor's location for a thirty day period. This requirement does fulfill a legitimate purpose, facilitating health and other inspections by city agencies. It becomes unreasonably burdensome only in conjunction with subsection (C), requiring a vendor to move every two days. Otherwise a vendor might specify one or two locations for the thirty day period without great difficulty. At oral argument in this court, plaintiff's counsel withdrew his objection to this section.
The trial court decision that subsection (C) is unconstitutional because it is not rationally related to a legitimate governmental purpose is affirmed; the decision of the trial court is amended to uphold the validity of subsection (F)(1), at the cost of plaintiff.