PLOTKIN, Judge.
On January 25, 1990, the State filed a three count bill of information charging the defendant, Ellis Bullock, with two counts of La.R.S. 14:64, of armed robbery, and one count of La.R.S. 14:95.1, of a convicted felon in possession of a firearm. On April 5, 1990, a jury trial was held on one armed robbery count resulting with defendant’s conviction. On May 23, 1990 the defendant was tried and convicted of being a felon in possession of a firearm. On June 5, 1990, the state dismissed the second armed robbery count. On July 27, 1990, a hearing *717 was held on a previously filed multiple bill of information. Following the hearing, the trial court found the defendant to be a multiple offender on the armed robbery count. The trial court sentenced the defendant to serve 66 years at hard labor pursuant to La.R.S. 15:529.1. The trial court also sentenced the defendant to serve 10 years at hard labor on the 14:95.1 charge. These sentences were to run concurrently. It is from these convictions and sentence which the defendant appeals.
FACTS:
On January 4, 1990 Gregory DeJean, a delivery driver for Domino’s Pizza was returning to his car after delivering a pizza when the defendant approached him and demanded that he surrender money. The defendant had a gun in his waistband and threatened to shoot DeJean if he did anything “stupid.” DeJean handed over the money. The defendant then asked for De-Jean’s car keys, which DeJean also surrendered. The defendant subsequently drove off in DeJean’s car. DeJean immediately called the police and reported the incident.
On January 9, 1990 while riding with a friend to register for school, DeJean spotted his car being driven by a woman at the corner of St. Bernard Ave. and Gentilly Blvd. They followed the car to Schweg-mann’s Supermarket on Broad St. where they phoned the police. The police told them to wait at Schwegmann’s until they arrived, but before the police could arrive on the scene, the woman drove off. Once the police arrived, DeJean informed them of the direction in which she had driven.
The police patrolled the area and located the car. A woman named Zanetta Wilfred was driving the car. She informed the police that the keys to the car were given to her by her boyfriend, the defendant, who was at her house on Cadillac Street. The police contacted DeJean, who identified the car as his.
The police then went with Ms. Wilfred to her house on Cadillac Street. Before entering, Ms. Wilfred signed a consent form giving them permission to search her house. After entering, the officer’s found the defendant asleep in Ms. Wilfred’s bedroom. They woke the defendant and searched the immediate area. A gun was found under the pillow where defendant had been sleeping. The defendant was arrested. The police subsequently conducted a physical line-up including the defendant. DeJean positively identified the defendant as the perpetrator.
The defendant denied robbing DeJean. He said that on the night of the crime he had been at home helping his mother, Ernestine Bullock, and his sister, Nancy Larry, move furniture. Ms. Bullock and Ms. Larry testified and corroborated the defendant’s testimony.
At trial, the defendant testified that he had borrowed the car from an old high school friend named “Corey.” He testified that “Corey” has been implicated in drug dealing and that he sometimes gets cars as collateral and rents them out. He further testified that his car had been acting up and that he had obtained DeJean’s car from “Corey”, unknown to him that it was stolen.
The defendant also denied that the gun found by police belonged to him. Ms. Wilfred, who was present during the search, testified that the gun was found in a robe, not under the defendant’s pillow as the police had claimed.
ERRORS PATENT:
The trial court, in sentencing the defendant, required that his armed robbery sentence be served without benefit of good time. The denial of good time eligibility is prohibited under State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988), writ denied 582 So.2d 860 (La.1991). Thus, that portion of the sentence for armed robbery that denies the defendant good time eligibility should be deleted.
IMPROPER TESTIMONY:
The defendant contends that the trial court erred in allowing the state to introduce into evidence hearsay evidence. Officer William Roth was allowed to testify at trial that when he located the car, Zanetta Wilfred, the defendant’s girlfriend and *718 driver of the car, told him that she had gotten the car from the defendant.
If hearsay testimony is improperly admitted into evidence, it may be considered harmless error if the reviewing court determines beyond a reasonable doubt that the improperly admitted hearsay did not contribute to the verdict. State v. Wells, 538 So.2d 1053 (La.App. 4th Cir.1989), writ denied 546 So.2d 1210 (La.1989); State v. Spell, 399 So.2d 551 (La.1981).
Factors to be considered in making this determination include 1) the importance of the witness’s testimony; 2) the cumulative nature of the testimony; 3) the existence of corroborating or contradictory evidence regarding the major points of the testimony; 4) the extent of cross-examination permitted; and 5) the overall strength of the State's case. State v. Wille, 559 So.2d 1321, 1332 (La.1990).
In this case, Zanetta Wilfred, the party who made the hearsay statement to Officer Roth, later testified at trial that she had obtained the car from the defendant. Thus, her testimony at trial offered the defense the opportunity to cross-examine the declarant who made the hearsay statement. Additionally, the defendant, who also testified at trial, did not dispute that he had authorized Ms. Wilfred to drive the car, nor did he deny that he was in possession of the car. He merely alleged that he borrowed the car from “Corey” and had not stolen it.
Considering the evidence which was presented to the jury in this case, the admission of the hearsay statement into evidence was merely harmless error.
EFFECTIVE ASSISTANCE OF COUNSEL:
The defendant contends that he received ineffective assistance of counsel because his attorney failed to move for a mistrial when the State elicited testimony from Officer Sislo, during rebuttal, that the gun found by the police under the defendant’s pillow had been stolen in an automobile burglary. Defense counsel objected to this testimony. The objection was sustained, but no mistrial was sought. This evidence was presumably offered by the State to rebut the contention by the defense that the gun belonged to someone else who was in the house where the defendant was found.
The issue of ineffective assistance of counsel is generally addressed by an application for post-conviction relief filed in the trial court which then conducts a full evidentiary hearing on the issue. State v. Purdholm, 446 So.2d 729 (La.1984). However, when the appeal record contains enough evidence upon which to rule upon the issue, the appellate court will make a determination on the issue in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
The two pronged test to determine whether counsel has been ineffective was set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show both that 1) counsel’s performance was deficient and 2) that the deficiency prejudiced the defendant. Strickland, supra; State v. Fuller, 454 So.2d 119 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986), writ denied 533 So.2d 10 (La.1988). To show prejudice, the defendant must show “a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra, 466 U.S. at 694, 104 S.Ct. at 2068. If the ineffectiveness claim fails to satisfy either criteria, it is not necessary for the court to address the other. State ex. rel. Murray v. Maggio, 736 F.2d 279 (5th Cir.1984).
In the instant case the defendant has failed to demonstrate prejudice. He has failed to show that, but for his attorney’s error, the outcome of the trial would probably have been different.
The defendant testified at trial that he had a prior conviction for simple burglary, and he was positively identified by the victim as the perpetrator in a physical line-up. *719 The defendant’s girlfriend was found in physical possession of the car, and she testified at trial that she had been given the car by the defendant. Additionally, the defendant admitted that he had possession of the car when he let his girlfriend use it. The evidence in this case is very strong.
Considering these facts, it cannot be concluded that the outcome of the trial would have been any different if the officer had not testified that the gun found under the defendant’s pillow had been stolen in an auto burglary.
This assignment lacks merit.
JURY INSTRUCTION:
The defendant contends that the trial court committed reversible error when at the trial for the convicted felon in possession of a firearm charge, a violation of R.S. 14:95.1, it failed to give a limiting instruction to the jury that it not consider the evidence of the defendant’s prior conviction in determining whether the defendant was guilty of the charge for which he was being tried.
The defense erroneously relies upon State v. Green, 493 So.2d 588 (La.1986) as authority for arguing that such a limiting instruction is required. In Green, the defendant was charged with third offense theft, under LSA-R.S. 14:67, not with possession of a firearm by a convicted felon. LSA-R.S. 14:67 provides that a defendant’s sentence for theft may be enhanced if he has been convicted of earlier thefts. At the defendant’s trial in Green, evidence of the defendant’s prior theft conviction was introduced for the purpose of sentence enhancement at the guilt-determination stage of trial. The trial court gave no instruction to the jury that the defendant’s prior convictions should not be taken into account in assessing the defendant’s guilt or innocence for the theft for which he was being tried. Additionally, the defense attorney at trial did not object to the trial court’s failure to give a limiting instruction at trial.
On appeal, the court held that in cases under the recidivist theft statute, it was error for the trial court to admit evidence of the defendant’s prior convictions for theft without giving the jury a limiting instruction not to consider these prior convictions in determining whether the defendant had committed the present theft offense.
The Green decision has never been applied to charges brought under R.S. 14:95.1. No authority could be found requiring that a limiting instruction be given in charges brought under R.S. 14:95.1. Under R.S. 14:95.1, the prior conviction is an essential element of proving the defendant’s guilt of the present charge. The State must show that the defendant is, in fact, a convicted felon. Under R.S. 14:67, the evidence of the prior conviction is for purposes of sentence enhancement, not to prove an essential element of the charged offense. Thus, Green is inapposite and no authority exists to require the court to give a limiting instruction in R.S. 14:95.1 cases.
This assignment of error is without merit.
CONCLUSION:
The defendant’s convictions and sentences are affirmed, amending the sentence imposed for armed robbery to delete that portion of the sentence denying him good time eligibility.