476 So.2d 859 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
David R. GREEN, Defendant-Appellant.
No. 17075-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
*860 Hunter & Jack by Frances Baker Jack, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Henry Brown, Dist. Atty., and James M. Bullers, Asst. Dist. Atty., Bossier City, for plaintiff-appellee.
Before HALL, MARVIN and LINDSAY, JJ.
HALL, Chief Judge.
The defendant, David R. Green, and a codefendant, Manuel D.J. Camps, were charged by bill of information with the crime of possession of more than 400 grams of a Schedule II(A)(4) controlled dangerous substance, i.e., cocaine, in violation of LSA-R.S. 40:967 F(3). Defendant Camps entered a guilty plea to a lesser charge pursuant to a plea bargain and has separately appealed his conviction and sentence. See State v. Camps, 476 So.2d 864 (La.App. 2d Cir. 1985). Defendant Green was found guilty as charged by a jury. The convictions are the result of an undercover drug investigation involving law enforcement authorities of both the State of Louisiana and the United States. Prior to defendant Green's trial in state court, Green pled guilty to a ten count indictment by a grand jury of the United States District Court for the Western District of Louisiana charging Green with one count of conspiracy to possess cocaine with the intent to distribute, eight counts of unlawful use of communication facilities, and one count of attempted distribution of cocaine. Green was sentenced to eight years imprisonment by the United States District Court. After Green was found guilty as charged in the state district court, the court sentenced Green to 20 years at hard labor, with 15 years of this sentence being without benefit of suspension of sentence, probation, or parole as required by the criminal statute.
On appeal from the state conviction, the defendant contends that (1) the trial court erred in denying defendant's motion to quash, (2) the trial court erred in denying defendant's motion to recuse the district attorney, (3) a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt of the crime charged, and (4) the trial court imposed an excessive sentence. For reasons to follow, we affirm defendant Green's conviction, amend the sentence imposed, and remand to the district court.

FACTS
In March, 1984 a confidential informant relayed information to Captain Henderson of the Bossier City Police Department implicating the defendant in a multi-state cocaine and gambling operation. Captain Henderson contacted Agent MaGee of the Federal Bureau of Investigation concerning the information related by the informant.
Agent MaGee, posing as a bookmaker, was introduced by the informant to the defendant Green at the Sheraton Inn in Bossier City. During the meeting, Green indicated to Agent MaGee that he was interested in selling one kilogram of cocaine per week during the racing season at Louisiana Downs. Agent MaGee and Green met and spoke by telephone on several occasions until they were able to arrange for a sale of the cocaine at the Sheraton Inn in Bossier City in April, 1984.
On the evening of April 12, 1984, Agent MaGee introduced Green to another FBI *861 undercover agent, Freddie Cleveland, who was introduced as the man who would be responsible for testing the cocaine in the upcoming deal. Agents MaGee and Cleveland then showed Green $250,000.00 in their possession as "show money." After Green viewed the money, the parties agreed that Green would sell the agents 2 kilograms of cocaine for $80,000.00. Arrangements were made for the cocaine to be brought from New Orleans the following day.
Green traveled to New Orleans where he met Camps at the airport. The two men then traveled together to Bossier City with the cocaine.
At 5:00 p.m. on April 13, 1984, Green contacted Agents MaGee and Cleveland by telephone. Green indicated that he and his partner, Mannie Camps, were ready to consummate the deal. A meeting was set up at the Sheraton Inn in Bossier City.
The agents met Green and Camps in room 104 of the motel. After a short conversation, Camps asked Agent Cleveland to "check on the stuff." Camps and Agent Cleveland proceeded to room 116 while Green and Agent MaGee waited outside the room by the pool. Green indicated to Agent MaGee that his job was to "cover Mannie."
Agent Cleveland was wired with a transmitting device. Federal, state, and local law enforcement authorities waited in an office behind the front desk of the Sheraton Inn listening to the transaction.
Once inside room 116, Agent Cleveland observed Camp walk to the back of the room and remove a blue shaving kit from a clothes bag hanging in a closet. Camps opened the shaving kit and pulled out a white, powdery substance wrapped in newspaper and plastic. Agent Cleveland took a sample from the package for testing purposes. At that time law enforcement officers began approaching room 116 and upon observing the officers, defendant Green attempted to exit the pool area. Agent MaGee then placed defendant Green under arrest.
Hearing a noise outside, Camps went to look outside the window and was followed from behind by Agent Cleveland who opened the door to allow the arresting officers into the room. The officers entered the room, placed Camps under arrest, and seized a package of cocaine lying on the bed. A subsequent search of the room revealed another package of cocaine concealed in a trash can.
ASSIGNMENT OF ERROR NUMBER 1 MOTION TO QUASH
By this assignment of error, defendant complains of the denial of his motion to quash in which he urged that his continued prosecution and subsequent punishment by the State of Louisiana for the same drug transaction giving rise to the federal indictment violated due process, fundamental fairness, the prohibition against double jeopardy, and exposed him to excessive punishment.
The issues raised by the motion to quash were considered, discussed, and resolved adversely to the defendant in State v. Camps, supra. For the same reasons expressed in that opinion, this assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER 2 RECUSAL OF DISTRICT ATTORNEY
By this assignment, defendant Green contends that the trial court erred in denying defendant's motion to recuse the district attorney due to the district attorney's involvement in the investigation and arrest of the defendant.
On the day of the arrest, Captain Henderson met District Attorney Brown in the detective's office of the Bossier City Police Department before proceeding to the Sheraton Inn where the arrest was to occur. Captain Henderson discussed the upcoming arrest with the district attorney and asked the district attorney if he wanted to come along. Captain Henderson asked the district attorney for some legal advice, and eventually the district attorney agreed to go to the Sheraton Inn for the arrest. The district attorney and Henderson went to the hotel in separate cars but arrived at about the same time. Captain Henderson *862 and the district attorney met law enforcement personnel already present and located in the manager's office of the Sheraton Inn. While in the office, the various law enforcement agents discussed the logistics of the upcoming arrest and additionally listened to a transmission emanating from FBI Agent Cleveland's hidden microphone from room 116. The district attorney stayed in the manager's office until the arrest had taken place. Mr. Brown then walked out to the pool area of the motel and observed defendant Camps in room 116 handcuffed and under arrest. The district attorney also observed a kilo of cocaine sitting on the bed in the room. After some conversation with various people involved in the arrest, the district attorney left the scene.
In a motion to recuse the district attorney, the defendant bears the burden of showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. LSA-C. Cr.P. Art. 680(1); State v. Vaccaro, 411 So.2d 415 (La.1982); State v. Marcal, 388 So.2d 656 (La.1980).
The defendant contends that due to the fact that the district attorney was a witness to the events surrounding the arrest of the defendant the district attorney could not remain impartial as a prosecutor after that level of involvement. The defendant principally relies upon the case of State v. Cox, 246 La. 748, 167 So.2d 352 (1964), which held that the two roles of prosecutor and witness are incompatible. In Cox, the defendant was charged with defaming a local judge and the district attorney. Thus, the district attorney was a victim of the crime charged. Cox is distinguishable from the present case where the district attorney was an observer.
At the hearing on the defendant's motion to recuse the district attorney, the state indicated that it had no intention of calling District Attorney Brown as a witness at trial. Additionally, defense counsel never indicated that District Attorney Brown would be called as a witness. Due to the fact that neither the state nor the defendant expressed a desire to call the district attorney as a witness, there did not appear to have been a conflict between the district attorney's role as a prosecutor and a witness at trial. The district attorney did not testify at trial.
The observation by the district attorney of the events leading to the arrest of the defendants does not indicate that the district attorney had a personal interest in conflict with fair and impartial administration of justice. The testimony adduced at the hearing reflects that the district attorney did not participate in the arrest; but simply observed. The trial court was correct in finding that the defendant did not meet his burden of proving that the district attorney had a personal interest in the case. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 3 SUFFICIENCY OF EVIDENCE
The defendant Green contends that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt of possession of more than 400 grams of cocaine. Specifically, defendant contends that in order to convict the defendant of possession of more than 400 grams of cocaine, a rational trier of fact had to conclude beyond a reasonable doubt that on April 13, 1984, the defendant either had actual physical possession of the cocaine or exercised control or dominion over the substance. State v. Walker, 369 So.2d 1345 (La.1979).
The state need not prove actual possession or actual dominion and control over a controlled dangerous substance when the state proves that a defendant is a principal in the crime under LSA-R.S. 14:24. Under LSA-R.S. 14:24, all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission or directly or indirectly counsel or procure another to commit the crime, are principals.
*863 The testimony at trial reflects that it was defendant Green who indicated to undercover FBI agents that he was interested in selling one kilogram of cocaine per week to the undercover agent. On the morning of April 13, defendant Green indicated to the undercover agents that he was going to New Orleans to meet "with Mannie, his partner," and that, "they would be bringing the cocaine back to Shreveport." When the defendant's flight arrived in New Orleans, an FBI agent observed the defendant meet with another individual identified as Mannie Camps. At the New Orleans airport the two men were seen removing a blue suit bag from an Eastern Airlines box and placing the blue suit bag in a Delta Airlines box. The Delta Airlines box was in turn carried onto the Delta Airlines flight upon which the defendant and Camps returned to Shreveport. After defendants Green and Camps met with FBI agents in room 104 of the Sheraton Inn in Bossier, Camps and Cleveland proceeded to room 116 of the motel while the defendant Green and Agent MaGee waited outside the pool. Defendant Green indicated to Agent MaGee that his job was to "cover Mannie." Once inside room 116, Agent Cleveland observed Mannie Camps walk to the back of the room and remove a blue shaving kit from a blue suit bag. Camps opened up the shaving kit and pulled out a white, powdery substance later found to be cocaine. A subsequent search of the room revealed another package of cocaine concealed in a trash can.
There is sufficient evidence that defendant Green had actual or constructive possession, dominion, or control over the cocaine. Further, it is clear that defendant Green aided and abetted in the commission of the offense and did directly counsel and procure another, Mannie Camps, to commit the crime. The facts reflect that Green worked with Camps to procure the cocaine, assisted Camps in transporting it to Bossier City, and was to "cover Mannie" while an undercover agent and Mannie Camps were testing the cocaine.
This assignment of merit is without merit.
ASSIGNMENT OF ERROR NUMBER 4 SENTENCE
The defendant contends that the 20 year sentence imposed on this first offender, when viewed with the 8 year sentence received in federal court, is excessive in violation of Art. 1, Sec. 20 of the Louisiana Constitution.
Under LSA-R.S. 40:967 F(3), any person who knowingly or intentionally possesses four hundred grams or more of cocaine shall be sentenced to a term of imprisonment at hard labor of not less than 15 years nor more than 30 years, without eligibility for suspension of sentence, probation, or parole prior to serving the minimum sentence.
At the sentencing hearing, defense counsel asked the court to make the state sentence run concurrent with the federal sentence. The court declined to do so, and without specifying that the state sentence should run either concurrently with or consecutively to the federal sentence, ordered that the execution of the state sentence commence immediately.
In State v. Camps, supra, we held that the preference for concurrent sentences for offenses arising out of the same act or transaction should apply to multiple state and federal sentences as well as to multiple state sentences. As in Camps, the trial court in this case did not articulate justifiable reasons for refusing to make the state sentence run concurrent with the federal sentence, other than the seriousness of the offense. For the reasons more fully explained in the Camps opinion, we hold that the failure to specify that the state sentence should run concurrently with the federal sentence in accordance with LSA.C.Cr.P. Art. 883.1 amounted to an abuse of discretion and that the sentence imposed was excessive to that extent. The sentence will be amended to specify that it run concurrently with the federal sentences.
The twenty year sentence imposed is not constitutionally excessive. It is only five *864 years more than the statutory minimum. The degree of seriousness of the offense is substantially above the minimum. The drug transaction for which defendant was charged and found guilty was a major operation involving 2 kilograms of cocaine to be sold for $80,000.00 and was the initial transaction in what was intended to be an ongoing criminal enterprise. The sentence is not a needless imposition of pain and suffering nor does it shock the court's sense of justice.
Defendant contends that the trial court considered an inappropriate factor in sentencing by stating that the legislature considered this to be a serious offense and that the traffic in drugs dealing with this amount of money is a serious cancer upon society. In support of defendant's position, the defendant relies upon the case of State v. Bourgeois, 406 So.2d 550 (La.1981) in which the supreme court stated that by concentrating on the pervasiveness of drugs in society, the trial judge failed to impose an individualized sentence. However, as the Louisiana Supreme Court stated in State v. Ray, 423 So.2d 1116 (La. 1982), it is not improper for a judge to take into account larger sociological concerns in imposing sentence as long as the sentence is particularized to the defendant. The comment of the trial judge here is in line with the comment of the Supreme Court in State v. LeCompte, 406 So.2d 1300 (La. 1981) concerning "the gross social evil resulting from the increased trafficking in drugs in this state." In the present case, we find that the trial court did adequately particularize the sentence to the defendant, taking into account his age and first offender status in deciding to impose less than the maximum sentence.

DECREE
For the reasons assigned, the conviction of the defendant is affirmed. The sentence is amended to specify that the sentence imposed be served concurrently with the sentence previously imposed by the federal court in accordance with LSA-C.Cr.P. Art. 883.1. The case is remanded to the district court for entry of such further orders and procedures as may be necessary or appropriate to effectuate the sentence in accordance with Article 883.1.
CONVICTION AFFIRMED; SENTENCE AMENDED; CASE REMANDED.