558 So.2d 749 (1990)
STATE of Louisiana, Plaintiff-Appellee,
v.
Stacy Lee SONNIER, Defendant-Appellant.
No. CR89-776.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
*750 John Lavern, Lake Charles, for defendant-appellant.
Beth Conrad, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, STOKER and KING, JJ.
KING, Judge.
This appeal presents for our review alleged errors committed during the trial of defendant.
Stacy Lee Sonnier (hereinafter defendant) was indicted by the Calcasieu Parish Grand Jury for the second degree murder of Terrell Tucker in violation of La.R.S. 14:30.1. Defendant was arraigned and pled not guilty. He was tried by a jury of twelve and, on April 12, 1989, by a vote of ten of the twelve jurors, was convicted of second degree murder. On April 27, 1989, defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appeals his conviction and sentence, urging six assignments of error. We affirm.

*751 FACTS
On November 27, 1988, at approximately 7:00 A.M., the defendant and the victim, Terrell Tucker (hereinafter the victim), entered Mamie's Restaurant in Lake Charles, Louisiana, and seated themselves at a table already occupied by Michael Frances and Duane James. According to the testimony of Frances and James, the four of them visited while having breakfast, during which time defendant pulled a .25 caliber automatic pistol a couple of times and flashed it about in a playful manner.
The four men left the restaurant. Outside of the restaurant, an argument over $10.00, which defendant felt the victim owed him, developed between the defendant and the victim. While the argument was going on, defendant shoved the victim and pulled his gun out a couple of times and pointed it at the victim. At some point during the confrontation between the defendant and the victim, Frances and James, afraid of the actions of the defendant, left and walked across Enterprise Boulevard, the street which is in front of Mamie's Restaurant, and continued watching the argument from the other side of the street.
Frances and James saw the defendant aim the gun at the victim's face and shoot him. The defendant then pocketed the pistol and walked away from the scene, passing about ten feet from Frances and James.
Peter Brown was also an eyewitness to the shooting. He was parked on the median of Enterprise Boulevard in front of Mamie's Restaurant. Brown testified that he saw defendant push the victim back and tell him to "run." The defendant then pulled the pistol out, cocked it, and shot the victim in the face. Brown testified that he was about twenty feet away from the two men, that his view was clear and unobstructed, that his car windows were down, and that he could hear the defendant "clearly enough."
Frances, James, and Brown all identified the defendant as the person who killed the victim both in court and in pretrial photographic lineups.
Defendant was arrested and interrogated on November 30, 1988. He was then indicted by the Grand Jury for the second degree murder of Terrell Tucker, arraigned, and pled not guilty. On April 12, 1989, defendant was tried by a jury and found guilty of second degree murder. On April 27, 1989, defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as is mandated by La.R.S. 14:30.1 B.
Defendant appeals his conviction and sentence asserting six assignments of error:
(1) The verdict is contrary to the law and the evidence;
(2) The trial court erred in admitting the hearsay testimony of Duane James, a State witness, concerning the contents of a telephone conversation with a person said to be the defendant;
(3) The trial court erred in admitting into evidence certain statements of the defendant taken during custodial interrogation, as they were not properly shown to have been made voluntarily and pursuant to a knowing and intelligent waiver of the defendant's constitutional rights;
(4) The trial court erred in denying the defense motion for a continuance of the trial of this matter when defense discovery motions were not answered until shortly prior to trial;
(5) The trial court erred in overruling the defense objection to the State's failure to furnish to the defense the initial offense report as defined in La.R.S. 44:3 A(4); and
(6) The trial court erred in permitting the hearsay testimony of the State's witness, Michael Frances, over the objections of the defense.

ASSIGNMENT OF ERROR NUMBER 1
Defendant argues that the verdict is contrary to the law and the evidence.
The standard for appellate review in determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved *752 beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The Louisiana Supreme Court further explained the meaning and applicability of the Jackson standard in State v. Mussall, 523 So.2d 1305 (La.1988):
"First, a review of a criminal conviction record for sufficiency of evidence does not require a court to `ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt' ... Second, a reviewing court must consider the record through the eyes of a hypothetical rational trier of fact who interprets all of the evidence as favorably to the prosecution as any rational fact finder can. Third, the inquiry requires the reviewing court to ask whether such a hypothetical rational trier of fact interpreting all of the evidence in this manner could have found the essential elements of the crime beyond a reasonable doubt." (Footnotes omitted.) State v. Mussall, 523 So.2d 1305, at pages 1309, 1310 (La.1988).
The defendant argues that the State failed to prove that his gun did not discharge accidentally. Defendant also claims that his specific intent to kill the victim or to inflict great bodily harm upon the victim was not proven. Second degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. La.R.S. 14:30.1(A)(1). Specific intent is defined as the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequence of his act or his failure to act. La.R.S. 14:10(1). Although specific intent is a state of mind, it is nevertheless a question of fact; however, it need not be proven as fact, but instead, may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Massey, 436 So.2d 522 (La.1983); State v. Howard, 443 So.2d 632 (La.App. 3 Cir.1983), and cases cited therein, writ den., 444 So.2d 1215 (La.1984).
Defendant in his brief cites no legal authority supporting his position. The record overwhelmingly supports the decision of the trier of fact. Three eyewitnesses testified that they saw the defendant draw his weapon and shoot the victim. Brown testified that defendant pushed the victim, told him to "run," pulled his pistol and cocked it, and then shot the victim in the face at close range. Frances and James confirmed the shooting. Defendant has not presented any facts to the contrary. His argument that the victim was killed by the accidental discharge of his gun is not supported by any evidence or testimony. His assertion that no specific intent was proven completely ignores the testimony of Frances, James, and Brown concerning defendant's argument with the victim over $10.00 the victim supposedly owed the defendant. This assertion also completely ignores the evidence of his shooting the victim in the face where the circumstances indicate defendant actively desired the consequence of his act.
Thus, viewing the evidence in a light most favorable to the prosecution, in accordance with the standard set out in Jackson, supra, and Mussall, supra, we find that the jury could have concluded that the State had proven beyond a reasonable doubt that the defendant committed second degree murder.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the trial court erred in admitting the hearsay testimony of Duane James, a state witness, concerning the contents of a telephone conversation with a person said to be the defendant. Defendant contends that James' testimony concerning his recollection of this phone conversation was clearly hearsay and did not fall within any recognizable exception to the hearsay rule.
Once again, defendant cites no legal authority to support his position. James testified that he spoke to defendant over the phone and during that conversation defendant contradicted James' version of the shooting incident. James testified that defendant told him that he must not have seen the victim when the victim had the *753 gun. James also stated that the defendant told him to go tell the police the right story. Although James admitted he had never previously spoken to defendant over the phone, he testified that he has known defendant for a long time and recognized his voice. Moreover, James stated that he asked the caller if this was "Tookie," the name he knew the defendant by, and the caller responded affirmatively.
Defendant suggests that his statements over the phone were exculpatory rather than inculpatory and, therefore, met no exception to the hearsay rule. Defendant also based his objection on relevancy.
La.C.E.Art. 801(D)(2)(a) states that a statement is not hearsay if:
"The statement is offered against a party and is:
(a) His own statement, in either his individual or a representative capacity...."
La.C.E.Art. 801(A)(1) defines "statement" as "an oral or written assertion."
The statements allowed into evidence were made by the defendant. They were offered against him by the State, and the statements offered were assertions made by the defendant tending to show that he was present at the incident, had a pistol, and that the pistol discharged. Therefore, the statements are not hearsay. La.C.E. Art. 801(A) and (D), and 801(D), Comments. Compare La.R.S. 15:449.
Furthermore, it is obvious that these statements are relevant because they have a tendency to make the existence of facts of consequence more probable than not. La.C.E.Art. 401. We, therefore, agree with the trial judge in his conclusion that the statements made by defendant to James over the phone are admissible evidence.

ASSIGNMENT OF ERROR NUMBER 3
Police Officers Julie Savage and Patrick Morgan testified that during a custodial interrogation, defendant gave three varying versions of the incident culminating in the victim's shooting. The officers testified as to the different versions of defendant's story and noted that all versions were at odds with the accounts of the three eyewitnesses. Defendant alleges that the trial court erred in admitting these statements into evidence because they were not shown to have been made voluntarily and pursuant to a knowing and intelligent waiver of his constitutional rights.
Before an inculpatory statement made during custodial interrogation can be admitted into evidence, the State must establish that the accused who makes the statement was first advised of his Miranda rights, and that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. State v. Thucos, 390 So.2d 1281 (La.1980).
Police Officer Savage testified that defendant was advised of, and said he understood, his Miranda rights. Detective Morgan's testimony corroborated the testimony of Officer Savage on this point. Both also testified that defendant, after he was apprised of his Miranda rights and stated he understood those rights, freely and voluntarily made statements. Additionally, defendant signed a written form before the statements were made confirming that he had been advised of his Miranda rights and that he understood those rights.
Defendant argues that the written waiver he signed was deficient because it was only a waiver of his right to an attorney and not his right against self-incrimination. However, even a failure to obtain an accused's signature on a written waiver does not mandate a finding of involuntariness in deciding whether an inculpatory statement is admissible. State v. Turnbull, 377 So.2d 72 (La.1979); State v. Whitaker, 489 So.2d 998 (La.App. 1 Cir.1986), writ den., 494 So.2d 324 (La.1986). The record is clear that defendant was informed of his rights, understood his rights, and subsequently gave statements. This is all that is necessary to sustain the State's burden. State v. Turnbull, supra; State v. Whitaker, supra. Thus, we find that the statements were properly admitted into evidence.

*754 ASSIGNMENT OF ERROR NUMBER 4
Defendant contends that the trial court erred in denying his motion for a continuance when the defense's discovery motion was not answered until shortly prior to trial.
Defendant's trial was set for April 10, 1989. The defense filed a motion for discovery and inspection on February 15, 1989, which was made returnable for hearing on March 29, 1989. The State voluntarily answered the defendant's discovery motion on March 22, 1989, before the hearing date and approximately three weeks before trial. The defense filed a motion for continuance claiming that it did not have sufficient time to prepare its case for trial. Defendant contended that the State's "jamming" up of the defense, by furnishing the discovery shortly prior to trial, prejudiced the defendant's ability to present a defense.
LSA-C.Cr.P. Art. 712 states:
"A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor."
The denial of a continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice caused by the denial. State v. Jones, 395 So.2d 751 (La.1981); State v. Hallal, 544 So.2d 1222 (La.App. 3 Cir.1989). Where the motion is grounded on insufficient time to prepare a defense, the requirement of showing specific prejudice has been disregarded only in cases where the preparation time is so short or minimal as to undermine the basic fairness of the proceedings. State v. Jones, supra; State v. Hallal, supra.
In this case, defendant does not specify how he was "jammed," that is, how he was prejudiced because he did not have more time. Neither does defendant specify how the State's answer to defendant's motion for discovery necessitated unforeseen preparation that would have required more than two or three weeks.
In State v. Jones, supra, defense counsel had been engaged to represent defendant some two months prior to trial, as in the case here. Two days before trial, defendant indicated he planned to plead guilty. On the day of trial, the defendant changed his mind and insisted on a jury trial. The defense sought a continuance, which was denied. The Supreme Court upheld the trial court even though defendant's attorney did not know of his client's intention to plead guilty until two days before trial as this did not substantially impair the preparation time available before trial. In Footnote 1 the Court stated that:
"In any event, the defense makes no specific claim as to how the denial of continuance prejudiced his case. Since this is not a case where the time for preparation was so minimal as to raise questions as to the fairness of the proceedings, defendant was not excused from the requirement that specific prejudice be demonstrated. Defense counsel had nearly as much time to prepare his case as he would have had if defendant had never agreed to plead guilty." State v. Jones, 395 So.2d 751, at page 753 (La.1981).
The same can be said with regard to the case at bar. Defendant had nearly three weeks to prepare from the date the State filed its answer to defendant's discovery motion and defendant puts forth no specific claim as to how his case was prejudiced by the denial of his motion for a continuance. The preparation time available to defense counsel was not so short or minimal as to undermine the basic fairness of the proceedings, absent any such prejudicial showing by defendant. We, therefore, conclude, as did the Supreme Court in Jones, that the trial judge did not abuse his discretion in denying defendant's motion for continuance.

ASSIGNMENT OF ERROR NUMBER 5
Defendant argues that the trial court erred in overruling defendant's objection to the State's failure to furnish an "initial offense report" which complied with La.R.S. 44:3 A(4).
La.R.S. 44:3 A(4)(b)(i) requires that the initial report set forth "a narrative description *755 of the alleged offense." In interpreting this statute, the Louisiana Supreme Court has stated:
"The intent of La.R.S. 44:3A(4) is to declare that the entire initial report of the investigation following a complaint constitutes a public record subject to discovery. The reporting officer may not defeat the purpose of the statute by including only selective information in the initial report and placing the remainder of the information obtained in the initial investigation in a separate supplemental report. The initial report should include all information obtained in the initial investigation of the complaint, especially when the initial investigation following a complaint results in the requesting party's arrest." State v. McEwen, 504 So.2d 817, at page 817 (La.1987).
The initial police report was completed by one of the police officers investigating the murder complaint. According to his in-court testimony, that officer, as a result of information conveyed to him by one of the eyewitnesses, had sufficient knowledge to set forth a detailed narrative description of the alleged offense in his initial report. However, the initial offense report stated only that a customer from Mamie's Restaurant had notified the police of a shooting. This is not "a narrative description of the alleged offense" given that the investigating officer had much more detailed information available as a result of his initial investigation and had sufficient knowledge to set forth a detailed narrative description in the initial report. For this reason we find that the trial court erred in overruling defendant's objection to the State's failure to furnish an "initial offense report" which complied with La.R.S. 44:3 A(4).
Nevertheless, even when error is committed, if an appellate court finds beyond a reasonable doubt that the error was harmless in light of the total circumstances, defendant's conviction will not be overturned. State v. Rios, 528 So.2d 163, 166 (La.App. 3 Cir.1988), writ den., 530 So.2d 83 (La.1988), citing State v. Humphrey, 412 So.2d 507 (La.1982). La.C.Cr.P. Art. 921 states:
"A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
Consequently, we must make an inquiry in this case to determine whether the defendant suffered prejudice to any substantial right by the failure of the investigating officer to prepare a complete initial police report and by the State's failure to furnish it to the defendant. State v. Gray, 436 So.2d 639 (La.App. 3 Cir.1983), writ den., 440 So.2d 150 (La.1983). An examination of the record does not show that defendant suffered such prejudice. Defendant does not specify how the denial of his request prejudiced his ability to properly present a defense. A review of the trial transcript shows that the defense was fully aware of the details of the offense with which defendant was charged. Moreover, where there is overwhelming evidence of the defendant's guilt, as in this case where there was testimony by three eyewitnesses to the shooting, the error is harmless. State v. Mills, 505 So.2d 933 (La.App. 2 Cir.1987), writ den., 508 So.2d 65 (La.1987). For these reasons we find this assignment of error to be without merit.

ASSIGNMENT OF ERROR NUMBER 6
Defendant asserts that the testimony of Michael Frances concerning what was said and done by the defendant and the victim prior to the shooting incident was hearsay and inadmissible.
La.C.E.Art. 801(D)(4) states:
"A statement is not hearsay if:
* * * * * *
The statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events, and which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
*756 It is difficult to discern from defendant's appellate brief exactly what defendant objects to. He makes no reference in his appellate brief to the objected to actions and statements testified to at the trial. The actions and statements of the defendant and the victim after exiting the restaurant and until the shooting are clearly non-hearsay statements under La.C.E.Art. 801(D)(4). Defendant and the victim were arguing and jostling each other. Defendant was also flashing his pistol. Testimony about these actions and statements are about things forming one continuous event culminating in the shooting of the victim.
For this reason, we find this assignment of error to also be without merit.
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.