693 So.2d 219 (1997)
STATE of Louisiana
v.
Darren Paul FRANKLIN, DefendantAppellant.
No. CR96-1346.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1997.
*220 Michael Harson, Lafayette, for State.
*221 Lawrence C. Billeaud, IDB, New Orleans, for Darren P. Franklin.
Before DOUCET, C.J., and YELVERTON and WOODARD, JJ.
YELVERTON, Judge.
The defendant, Darren Paul Franklin, was charged, along with three codefendants, with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967; conspiracy to possess cocaine with intent to distribute, violations of La.R.S. 40:967 and 979; and a violation of the drug multiple offender law, La.R.S. 40:982. The defendant and one codefendant, Sammy Williams, were tried together, and convicted. Defendant was sentenced to 35 years at hard labor, 30 years without benefit of parole or probation, on count one. On count two he was sentenced to seven years, concurrent. He appeals the conviction and sentence assigning six errors.

FACTS:
On June 30, 1994, Officer Roger Egdorff, a narcotics agent for the Houston Police Department, was working with his dog in the Houston Greyhound Bus Station, when the officer noticed a car with Louisiana license plates drive into the parking lot. A man emerged, appearing nervous. After conversations with other men in the car, the nervous man entered the station through a back door, carrying a tote bag and a bus ticket. Egdorff noted that the subject boarded a bus bound for Lafayette, Louisiana. The other men drove away after the bus left.
After Egdorff learned that the subject's bus ticket was a one-way fare to Lafayette, he reported the subject's description, including the type of tote bag, the subject's clothing, and a description of the vehicle that dropped him off, to Lafayette authorities. Egdorff saw no other vehicles with Louisiana plates, and nobody who looked similar to, or was dressed like, the subject.
Officer Brian Butler of the Lafayette Metro Narcotics Unit received the information just summarized. Butler learned the subject's bus was due to arrive in Lafayette at approximately 9:00 p.m. on June 30, 1994. Accompanied by another officer, he went to the local bus station to wait. The bus arrived on time; Butler recognized the subject from the description relayed by Houston police. The subject was observed crossing the parking lot, heading toward a car matching the description given by Houston police. Three men were in the car.
Butler approached, identified himself, and asked the subjects in the car, including Franklin, to stop. They immediately drove away; the subject from the bus threw the tote bag at Butler and fled on foot; he was apprehended and arrested. The tote bag contained large chunks of cocaine, determined to weigh more than 900 grams.
Officers had noted the license number of the car driven by the defendant. It was then determined to be a rental car. Butler obtained the assistance of Terrebonne Parish detectives, as the car was registered to a rental agency in Houma, Louisiana. The defendant and his accomplices were located through subsequent investigation, aided by the cooperation of the apprehended subject, Gregory Stewart.

ERRORS PATENT:
We find two errors patent.
The trial court did not give defendant credit for time served, as required by La. Code Crim.P. art. 880. We amend the sentence to reflect that defendant is given credit for time served. We remand this case and order the district court to amend the commitment and minute entry of the sentence to so reflect. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.
The trial court did not inform defendant of the prescriptive period for post-conviction relief as required by La.Code Crim.P. art. 930.8. The district court is directed to inform him of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La. App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).

*222 ASSIGNMENT OF ERROR NO. 1:

The claimed error is the denial of his motion for a post-verdict judgment of acquittal, but the standard for such a motion is sufficiency of the evidence, as codified in La.Code Crim.P. art. 821(B). When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness, and therefore the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559 [citing State v. Richardson, 425 So.2d 1228 (La.1983) ]. In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
Franklin does not dispute his conviction for conspiracy, but attacks his conviction for possession of more than 400 grams of cocaine with intent to distribute. The applicable statute is La.R.S. 40:967(F)(1)(c) which read at the time of the offense:
(c) Any person who knowingly or intentionally possesses four hundred grams or more of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than fifteen years, nor more than thirty years and to pay a fine of not less than two hundred fifty thousand dollars, nor more than six hundred thousand dollars.
Franklin specifically argues the prosecution failed to prove he had either actual or constructive possession of the cocaine. He argues he had neither dominion nor control of the cocaine.
Whether defendant has dominion and control over the illegal drugs involves an analysis of:
"[D]efendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by drug users."

State v. Tasker, 448 So.2d 1311, 1314 (La. App. 1st Cir.1984), writ denied, 450 So.2d 644 (La.1984), citing Bujol v. Cain, 713 F.2d 112 (5th Cir.1983). The mere presence of the defendant in the area where the drugs are found or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession; rather, guilty knowledge is an essential element. State v. Trahan, [425 So.2d 1222 (La.1983)] State v. Jones, 544 So.2d 636 (La.App. 3rd Cir.1989).
State v. Williams, 608 So.2d 266, 273 (La. App. 3 Cir.1992).
State's witness Gregory Stewart testified defendant made all the telephone calls and preliminary arrangements to set up the drug deal at issue. Defendant was also one of the four men, including Stewart, who traveled from Houma, Louisiana to Houston, Texas to execute the drug transaction. The four men bought a kilogram (1,000 grams) of crack cocaine in Houston, then Stewart was dropped off at a bus station. While in Houston, defendant drove the car because he was familiar with Houston. According to Stewart, Franklin was one of the men who made the actual "buy" in Houston. They brought the cocaine to the conspirators' car in a large box; the men then transferred the contraband to a black bag that Stewart later carried onto the bus. Conspirator Alton James, also testifying for the prosecution, said that Franklin contributed money for the drug deal. James and Stewart both stated defendant had a "connection" named Eric in Houston, who was supposedly his cousin. No defense witnesses took the stand, but even if *223 they had, it is well-established that the jury was free to believe Stewart and James.
Certainly, Franklin actually possessed the cocaine while in Texas. However, it does not appear he had any sort of possession within Louisiana's borders. However, it is clear from defendant's activities that he acted as a principal, under La.R.S. 14:24:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
In a similar case, State v. Green, 476 So.2d 859, 862-863 (La.App. 2 Cir.1985), writ denied, 481 So.2d 627 (La.1986), the court reasoned as follows:
The defendant Green contends that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt of possession of more than 400 grams of cocaine. Specifically, defendant contends that in order to convict the defendant of possession of more than 400 grams of cocaine, a rational trier of fact had to conclude beyond a reasonable doubt that on April 13, 1984, the defendant either had actual physical possession of the cocaine or exercised control or dominion over the substance. State v. Walker, 369 So.2d 1345 (La.1979).
The state need not prove actual possession or actual dominion and control over a controlled dangerous substance when the state proves that a defendant is a principal in the crime under LSA-R.S. 14:24. Under LSA-R.S. 14:24, all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission or directly or indirectly counsel or procure another to commit the crime, are principals.
.... .
[I]t is clear that defendant Green aided and abetted in the commission of the offense and did directly counsel and procure another, Mannie Camps, to commit the crime. The facts reflect that Green worked with Camps to procure the cocaine, assisted Camps in transporting it to Bossier City, and was to "cover Mannie" while an undercover agent and Mannie Camps were testing cocaine.
For similar reasons, defendant was clearly a principal in the present case. Not only did he "aid and abet" in the commission of the crime, he was also a key figure in its planning and execution.
Therefore, this assignment is without merit.

ASSIGNMENT OF ERROR NO. 2:
In his second assignment, Franklin argues the district court erred in failing to grant his motion for mistrial, which was based upon the State's failure to fully comply with discovery procedures. He alleges that the prosecution failed to provide him with a photographic lineup, and that he had specifically requested that any such lineup be disclosed. He alleges that a State witness, Detective Butler, based his in-court identification of defendant on said lineup.
The record reveals that defendant's argument is factually incorrect. Detective Butler did not use a lineup to identify the subjects, as he had previously identified them by face and by name. He testified his in-court identification of defendant and the co-conspirators was based upon his personal observations on June 30, 1994, and not upon any intervening identification procedure.

ASSIGNMENT OF ERROR NO. 3:
By this assignment, Franklin claims that the district court erred when it allowed the State to present evidence of his prior felony conviction. The defendant was charged with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967, and conspiracy to possess with intent to distribute, a violation of La.R.S. 40:967 and 979. The bill specifically recited, as to Franklin, that the basic offenses were committed by him "[a]fter having been convicted previously of distribution of cocaine, 1992, Terrebonne Parish, all in violation of the provisions of R.S. 40:982."
*224 La.R.S. 40:982 provides for enhancement of a controlled dangerous substance offense under the Uniform Controlled Dangerous Substance Law (La.R.S. 40:961 et. seq.) "if the offense is a second or subsequent offense..." La.R.S. 40:982(A). It is a second or subsequent offense if the prior conviction "relate[d] to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drugs." La.R.S. 40:982(B).
The defendant argues that "R.S. 40:982 was intended to be only a sentence enhancement provision, similar to La.R.S. 15:529.1," and for that reason the part of the bill that referred to the prior offense should not have been read to the jury, and evidence of the prior offense should not have been put before the jury. This argument has no support in the jurisprudence.
La.R.S. 40:982 is a special statute dealing with enhanced penalties for multiple violations of Louisiana's Controlled Dangerous Substance Law. State v. Murray, 357 So.2d 1121 (La.1978). That it is an enhancement statute does not mean that it is a judge and not a jury question. For a prior drug offense to be used to enhance the penalty under this statute, the bill of information or indictment must charge the offense as a second or subsequent offense. Id.
The statute is not just an enhancement statute. The prior offense is an element of the enhanced charges. That the State must charge and prove the prior conviction has been established in analogous situations. For example, if a La.R.S. 40:966(D) enhanced punishment for possession of marijuana is sought, the State must allege and prove a prior marijuana conviction. State v. Bouzigard, 286 So.2d 633 (La. 1973). If the prosecution is for a violation of the theft statute, La.R.S. 14:67, under its enhanced punishment for subsequent offenses, "the statute calls for the jury to be fully informed of a defendant's prior convictions through the reading of the allegations in the indictment and the introduction of evidence of the past convictions." State v. Green, 493 So.2d 588, 589 (La. 1986). The supreme court has also dealt with the DWI statute, La.R.S. 14:98, and its multiple offender enhancement provisions, and said that "[i]n order to find a defendant guilty, the state must prove beyond a reasonable doubt each element of the crime.... [A]n essential element of the crime of driving while intoxicated, second offense, is a first conviction...." State v. Krause, 405 So.2d 832, 833 (La.1981).
The courts of appeal have applied these rules. To obtain a multiple-offender conviction under La.R.S. 40:982 for a violation of the Uniform Controlled Dangerous Substances Law, the allegation that the underlying offense is a second or subsequent offense must be contained in the formal charge instituting criminal prosecution of the underlying offense. State v. Rodriguez, 572 So.2d 358 (La.App. 1 Cir.1990), writ denied 576 So.2d 46 (La.1991). See also State v. Franklin, 449 So.2d 63 (La.App. 4 Cir.1984).
The identical issues presented by this assignment were decided by this circuit in State v. Livings, 95-251 (La.App. 3 Cir. 11/15/95); 664 So.2d 729, writ denied, 95-2906 (La.2/28/96); 668 So.2d 367. In Livings, it was argued that because sentencing is not a jury function, it was not necessary that that part of the bill of information referring to prior offenses be read to the jury, and also, it was not necessary that the records of the prior convictions should be introduced at trial. In Livings, the trial court issued a limiting instruction directing the jury not to use the information of prior convictions in determining Livings' guilt of the current offense charged. In affirming the conviction, the Livings court relied on Green, 493 So.2d 588.
In Green, the defendant's attack on his conviction was leveled at the recidivist provision in La.R.S. 14:67 which defines theft. The court in Green, 493 So.2d at 590 identified the question by this language:
The question raised by defendant's due process attack is whether a state statute may constitutionally authorize the prosecutor, in a single proceeding, to offer both evidence of the defendant's guilt of the primary charge and evidence of his prior criminal record of crimes of a similar nature to enhance his punishment, without *225 also requiring a limiting jury instruction that the defendant's past convictions are not to be taken into account in assessing his guilt or innocence of the primary offense charged.
The Green court answered the question by holding that the jury must be instructed to consider the prior conviction for the sole purpose of enhancement and not to take the prior conviction into account in assessing the defendant's guilt or innocence of the primary offenses charged.
Applying Green, this court held in Livings that the defendant was not deprived of his right to due process by the reading of the bill to the jury and the introduction into evidence of records of the prior convictions.
The limiting instruction given in the present case also complies with Green's requirements. In the present case, the trial court gave the jury limiting instructions regarding the prior convictions evidence, in the following language:
The prior convictions alleged in the bill of information are alleged solely to enhance the penalty should you find that the defendants possessed cocaine on the occasion charged in this bill of information. You are not to consider the prior conviction or in any way take it into account in assessing the defendant's guilt or innocence of the conduct charged in this bill of information.
The use of La.R.S. 40:982, including evidence of prior convictions, was proper. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4:
In this assignment, Franklin contends the district court erred in that it failed to order a mistrial, due to the absence of co-defendant Sammy Williams on the last day of trial. Defendant argues Williams' voluntary absence prejudiced the jury against him.
The record is clear that co-defendant Williams' attorney moved for a mistrial, based upon his client's absence from trial. However, it appears Franklin's attorney did not join in the motion, nor did he make his own motion. Franklin's counsel did move for a mistrial, but the motion was not based upon his co-defendant's absence. Also, his brief acknowledges he has been unable to find jurisprudence to support his argument that his co-defendant's absence is a ground for a mistrial. We can think of no way his case was prejudiced, and he pointed out none. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5:
In this assignment, Franklin argues the trial court erred in failing to enforce the discovery articles, requiring disclosure of the initial police report. He acknowledges a report was provided to him, but complains it was not sufficient, as it consisted of only one paragraph, and discussed only the arrest of co-conspirator Gregory Stewart. Before trial, defense counsel objected to the report's brevity, but the court ruled against him.
The State argues the defense must show it was prejudiced for the deficiency to result in reversible error. We note this court's language in State v. Sonnier, 558 So.2d 749, 755 (La.App. 3 Cir.1990):
Nevertheless, even when error is committed, if an appellate court finds beyond a reasonable doubt that the error was harmless in light of the total circumstances, defendant's conviction will not be overturned. State v. Rios, 528 So.2d 163, 166 (La.App. 3 Cir.1988), writ den., 530 So.2d 83 (La.1988), citing State v. Humphrey, 412 So.2d 507 (La.1982). La.C.Cr.P. Art. 921 states:
"A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
Consequently, we must make an inquiry in this case to determine whether the defendant suffered prejudice to any substantial right by the failure of the investigating officer to prepare a complete initial police report and by the State's failure to furnish it to the defendant. State v. Gray, 436 So.2d 639 (La.App. 3 Cir.1983), writ den., 440 So.2d 150 (La.1983). An examination of the record does not show that defendant suffered such prejudice. Defendant does not specify how the denial of his request prejudiced his ability to properly present a *226 defense. A review of the trial transcript shows that the defense was fully aware of the details of the offense with which defendant was charged. Moreover, where there is overwhelming evidence of the defendant's guilt, as in this case where there was testimony by three eyewitnesses to the shooting, the error is harmless. State v. Mills, 505 So.2d 933 (La.App. 2 Cir. 1987), writ den., 508 So.2d 65 (La.1987). For these reasons we find this assignment of error to be without merit.
Franklin argues his case was prejudiced, but he fails to state how the prejudice was manifested. He makes the general allegation that he could not adequately prepare a defense, but names no specific instance in which his preparations were stymied.
The State provided Franklin and his co-defendant with a bill of particulars and detailed discovery. It appears from the record that counsel for both Franklin and his codefendant were aware of the nature of the testimony that would be given by State witnesses/co-conspirators Gregory Stewart and Alton James. Further, as noted in the previous assignment, the evidence was clear as to defendant's guilt. Thus, as in Sonnier, the error (if it was error at all) is harmless.
For the reasons discussed, the assignment lacks merit.

ASSIGNMENT OF ERROR NO. 6:
By this, his final assignment, defendant argues that his sentence on count one was constitutionally excessive, citing State v. Sepulvado, 367 So.2d 762 (La.1979). Although the defendant failed to file a motion to reconsider sentence, his claim of constitutional excessiveness is nevertheless preserved. State v. Mims, 619 So.2d 1059 (La. 1993), after remand, 626 So.2d 856 (La.App. 2 Cir.1993), writ denied, 93-2933 (La.2/11/94); 634 So.2d 373.
The defendant was sentenced to serve a term of 35 years at hard labor, 30 of which was to be served without the benefit of probation, parole, or suspension of sentence. The offense was possession of cocaine in excess of 400 grams, second offense. The minimum penalty for this offense as a second offender was 30 years and the maximum 60. Also, a fine of not less than $500,000 nor more than $1,200,000 was statutorily authorized. For this offense, La.R.S. 40:967(G) requires that the sentence for at least 30 years be without suspension, probation, or parole; in this respect the trial court imposed the minimum sentence. The defendant was a second offender. The sentence was not constitutionally excessive. This assignment lacks merit.

CONCLUSION:
Defendant's conviction and sentence are affirmed.
We remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served. Also, we direct the district court to inform defendant of La.Code Crim.P. art. 930.8 by sending appropriate written notice to defendant within 10 days of the rendition of this opinion and file written proof that defendant received the notice in the record of the proceedings.
AFFIRMED.