| MICHAEL KIRBY, Judge.
Plaintiff, Geraldine Newman, appeals the trial court’s finding that she did not meet her burden of. proof, demonstrating that an automotive accident actually occurred.

STATEMENT OF THE CASE

On May 18, 1998, Geraldine Newman, Plaintiff, who was travelling in a Dodge Stratus, and T.J. Osby, Defendant, were stopped at the intersection of Highway 90 and Downman Road. There is not much else upon which Defendants and Plaintiff agree.
Defendants, T.J. Osby and his wife Betty Osby, testified at trial not only that their vehicle never struck plaintiff, but also that there was no damage to either vehicle. Further, officer Furlong testified, upon re *1028 view of his report, not only that Osby contended that he did not strike the vehicle but also that he personally observed both vehicles and observed no damage to either vehicle.
I/This testimony was completely contradicted by plaintiffs testimony, who alleged that Mr. Osby hit her vehicle from the rear.

STATEMENT OF THE LAW

The standard of review for factual findings in this case is the manifestly erroneous or clearly wrong standard.
In our three-tiered judicial system, findings of fact are allocated to the trial courts. It is a well-settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two permissible views of the evidence exist, the factfin-der’s choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333. Where the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra at 844. The reviewing court must always keep in mind that if a trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
For the reviewing court, the issue to be resolved is not whether the trier of fact was wrong but whether the fact-finder’s conclusions were reasonable. Stobart, supra at 883; Theriot v. Lasseigne, 640 So.2d 1305 (La.1994).
Mistich v. Volkswagen of Germany, Inc. 95-0939, (La.1/29/96), 666 So.2d 1073, 1077.
The judgment of this case hinges on credibility, because the defendants’ testimony and the plaintiffs testimony were completely contradictory. Defendants said they never hit the plaintiff, plaintiff said she was hit by them. The fact that plaintiff may or may not have proved property damage, does not prove that the defendants are liable. Plaintiff had the burden of proving liability in this case. Plaintiff presented no physical evidence that defendant, or anyone, is liable. The trial court found the defendants’ testimony more credible. This is a factual finding, and we are bound to apply the aforementioned standard of review.
We have reviewed the record thoroughly, and find nothing that would be considered clearly wrong, nor even unreasonable, in the trial court’s finding. The trial court chose a permissible view of these facts and had a reasonable basis to do so, thus, we may not reverse.
AFFIRMED