KIRBY, J.
Defendants/Appellants Kristine Fonta-na, Patricia Fontana and State Farm Mutual Automobile Insurance Company (“State Farm”) appeal the granting of Judgment in favor of plaintiff/appellee Steven Neider for injuries and damages allegedly sustained during an automobile accident.
On December 17, 2001, an automobile accident occurred in St. Bernard Parish at the intersection of West Judge Perez and Packenham. Mr. Neider operated a 1988 Chevrolet 6000 pickup truck east bound (away from New Orleans or down-river) in the left lane on Judge Perez Drive in Chalmette. Judge Perez Drive is a four lane major thoroughfare in the Parish of St. Bernard, with two lanes proceeding eastbound and two lanes proceeding westbound with a median in between the travel lanes. As Mr. Neider approached the inferior intersection of Packenham Street, he allegedly proceeded with a green signal light at which time the 1995 Nissan 240 SX, owned by Patricia Fontana and operated by Kristine Fontana, struck Mr. Neider’s truck in the left rear quarter panel. Kristine Fontana, who was permissibly operating the vehicle, was in the south bound right lane of Packenham Street. Packenham Street is an inferior two lane thoroughfare, but at the intersection of Judge Perez consists of four lanes with one lane proceeding | P,south on Pack-enham, one lane turning left onto eastbound Judge Perez, one lane proceeding north on Packenham, and.one turning left onto west-bound Judge Perez.
Mr. Neider alleged that Ms. Fontana was impermissibly attempting to make a left hand turn onto eastbound Judge Perez from the far right lane proceeding south on Packenham, and not from the turning lane, when she struck the rear driver’s side of his truck. Ms. Fontana alleges that she had the green light signal and because Mr. Neider ran an alleged red light and appeared out of nowhere, she struck him in the rear left side. She also alleged that after she struck him, Mr. Neider’s passenger exited vehicle screaming and appeared to be intoxicated.
As a result of the accident, Mr. Neider alleged property damage, personal injuries and medical expenses.

ACTION OF THE TRIAL COURT

On July 7, 2004, a bench trial was held. By joint stipulation the parties entered into evidence the State Farm Insurance Policy insuring Patricia Fontana and her permissive user Kristine Fontana. Plaintiffs exhibit number one consisted of the *1162 medical records from Chalmette Medical Center, The Health Care' Center, L.S.U. Hospital, and Shoemaker Chiropractic Clinic. Plaintiffs exhibit number two consisted of medical bills from Chalmette Medical Center totaling $843.00, Chal-mette Medical Center Emergency Physician totaling $131.00, Fontenberry Hurwitz totaling $88.00, the Health Care Center totaling $287.00, L.S.U. Hospital totaling $1,681.00 and prescriptions totaling $90.39.
Kristine Fontana, defendant, Steven Neider, plaintiff and Deputy Jason Medine testified. Defendant introduced the testimony of Deputy Jerry Gillette via |shis deposition. The trial court did not find the officers’ testimony credible because neither was present at the time the accident occurred. Moreover, the trial court found the statement allegedly attributed to plaintiff by Deputy Medine to be a supposition on his part based upon Mr. Neider’s admission that “he was driving and talking to his passenger.”. The trial court found Deputy Medine’s conclusion to be too speculative and tenuous to be given weight in aiding the fact finder in determining liability.
The trial court evaluated plaintiffs photographs of the truck and the testimony of plaintiff and defendant and was persuaded that the more probable explanation for the collision’s occurrence was Ms. Fontana’s negligence in attempting a left turn from the right lane of travel through a red traffic signal. The trial court found Mr. Neider was legally proceeding eastbound on Judge Perez through a green traffic signal when Ms. Fontana’s car collided with the rear left quarter panel of Mr. Neider’s truck. As a result of the impact, the trial court found plaintiff suffered soft tissue injury to his neck and back. The trial court awarded fifteen thousand dollars ($15,000.00) for general damages and three thousand one hundred twenty dollars and thirty-five cents ($3,120.35) in medical specials with legal interest as well as casting all court costs upon State Farm.
The defendant appeals arguing the trial court erred in not giving greater weight to the police officers’ testimony and in finding Ms. Fontana at fault.

LEGAL ANALYSIS

The appellate court reviews factual findings according to the manifest error standard, i.e., we affirm, unless a factual finding is clearly wrong. Newman v. Fernwood Transp., 2000-1036 (La.App. 4 Cir. 4/25/01), 785 So.2d 1026.
In Sims v. Liberty Mut. Ins. Co., 2004-584, pp. 4-5 (La.App. 3 Cir. 3/2/05), 897 So.2d 834, 841-42, our brethren broached the topic of admissibility of police officers’ reports:
The City also claims that the trial court erred in not allowing the introduction of the parties [sic] statements taken by the city police. It claims that these statements are admissible as both business records of the city police department and because they were used to refresh a witness’s recollection, specifically Officer Clyde Lemmons. The City wanted to introduce the statements of Sims, Stephenson, and Erica Woods, the passenger in the Stephenson vehicle.
These statements are obviously hearsay. La.Code Evid. art. 801(C). The City argues that the statements are admissible pursuant to Louisiana Code of Evidence Article 612(A) (writing used to refresh memory) and Louisiana Code of Evidence Article 803(6) (records of regularly conducted business activity).
We have reviewed Officer Lemmons’ testimony referenced by the City in its brief and find that he was only asked if he took a statement from Sims. He never reviewed the statement nor testified about its contents. He did not use Sims’ *1163 statement to refresh his memory. Furthermore, there is no reference to Woods’ or-Stephenson’s statements.
Regarding the business records exception, Article 803(6) specifically provides that “[pjublic records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay-rule under this Paragraph.” Article 803(8)(b)(i) provides that “[ijnvestigative reports by police and other law enforcement personnel” are excluded from the public records and reports exception to the hearsay rule. Clearly, these statements were part of the police investigation of the accident. The trial court did not err in excluding these statements.
Thus, the trial court was correct in excluding the police reports.
|sAs concerns the statements of the police officer, there is a different analysis. As defendant notes,[1] we stated in Blackman v. Eggerton, 96-1624, 96-1625 (La.App. 4 Cir. 11/13/96), 684 So.2d 78, that deposition testimony concerning statements made by an operator of a vehicle were admissible under exception to hearsay rule pertaining to statements against interest. We also quoted La. C.E. art. 804 B(3), to wit:
A statement which was at the time of its making so far contrary to the declar-ant’s pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true.
We also stated in that case that statements made in a police officer’s deposition are not hearsay when “The statement is offered against a party and is [h]is own statement, in either his individual or a representative capacity.” La. C.E. art. 801(D)(2)(a). The jurisprudence interpreting this provision indicates that Officer Medine’s testimony fits this definition of a statement which is not hearsay. See Blackman 684 So.2d at 83.; Malmay v. Sentry Insurance Co., 550 So.2d 366 (La.App. 3 Cir.1989).
Nevertheless, the trial court in this matter did not exclude Officer Medine’s testimony, but rather found that it was- based upon a supposition. The trial court reasoned that Mr. Neider did state that he was speaking to his passenger, but that the Officer drew a conclusion based upon that statement that Mr. Neider was not paying attention.
| ^Insofar as Deputy Gillette’s testimony, the trial court mentioned that Mr. Neider had made formal complaints against Deputy Gillette. These complaints were not deemed worthy' of any disciplinary action by internal affairs of the St. Bernard Sheriffs Department. Nevertheless, it is reasonable for the trial court to conclude that the complaints may have influenced the deputy’s testimony as to statements made by Mr. Neider. Specifically, in his deposition we found Deputy Gillette denying on cross-examination that a supplement could be added to a report by the St. Bernard Sheriffs Department, only to admit on redirect that a supplemental report was produced in connection with this case.
The trial court may also have considered the fact that neither officer issued Mr. Neider a citation or ticket. Given the officers’ testimony attributing fault to Mr. *1164 Neider, it would have appeared reasonable for the officers to have issued Mr. Neider a ticket.
Because there are bases in the record for the trial court to choose to give little weight to the officers’ testimony, we cannot find him manifestly erroneous for finding in favor of the plaintiff. Even though we may have made different factual findings had we been the trier of fact, we are not at liberty to substitute them here due to our standard of review.
For the aforementioned reasons, we affirm.
AFFIRMED.
CANNIZZARO, J., concurs in the Result.

. Defendant cites other cases concerning admission of statements, but they are criminal cases not subjecting the declarant to civil liability. See State v. Sonnier, 558 So.2d 749 (La.App. 3 Cir.1990) and State v. Walters, 25,587 (La.App. 2 Cir. 1/19/94), 630 So.2d 1371.